### No. 1619.—John Glenn v. Thomas Ferguson.

To enable a party to recover damages for a breach of contract of sale, he must show that a sale was actually made.

A lease for hire of a pair of horses and buggy, at a stipulated price per day, is not a sale.

APPEAL from the Fifth District Court of the city of New Orleans. *Léaumont*, J. F. G. *Chamberlain*, for plaintiff and appellee, *Breaux & Fenner*, for defendant and appellant.

Ludeling, C. J. The plaintiff sued the defendant for $1572, one thousand thereof being for damages resulting from a breach of his contract, and five hundred and seventy-two dollars being the amount alleged to have been paid by him to the defendant on account of the purchase. He alleges that Thomas Ferguson sold him a carriage and horses for the price of $1800, payable in installments of not less than eight dollars per day; and that he was deprived of the property unlawfully by Ferguson forcibly taking and keeping possession of the same.

49

The answer contains a general denial and the further allegation that the carriage and horses were hired to plaintiff on the terms and conditions set forth in a written agreement annexed.

There was judgment in favor of the plaintiff for $1572, with interest and costs.

The plaintiff denied, under oath, his signature to the agreement annexed to the answer. After a careful comparison of the signature to the original contract with the acknowledged signatures of Glenn, which are in the record, we are satisfied it is genuine; and are supported in this conclusion by other evidence in the record.

Glenn has failed to prove a sale of the carriage and horses. It is true, several witnesses testify to having heard Ferguson say that he had sold the carriage and horses to Glenn; but these declarations are more than rebutted by the facts that the property alleged to have been bought by Glenn remained in the possession of Ferguson, and that when they disagreed Glenn went off, leaving the carriage and horses in Ferguson's possession. He made no effort to get possession of the property. Another significant fact is that in his account Glenn charges Ferguson fourteen dollars paid by him for repairs of the carriage and harness, after the time when he alleges he had bought them. Why should Ferguson pay for repairs made on Glenn's carriage and harness? Aside from this, the evidence preponderates in favor of the defendant. Glenn alleges there was a written act of sale, but he failed to produce it, or to account for its non-production. Ferguson swears that the only agreement between the plaintiff and himself is evidenced by the document annexed to his answer. The statements of Ferguson are corroborated by the hostler who was present when an agreement for hire was made between the plaintiff and defendant.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that there be judgment of non-suit against the plaintiff. It is further ordered that he pay the costs of both courts.

Rehearing refused.